UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL MARTIN PIRKEL,** | **2:25-CV-14201-TGB-DRG** |
| Petitioner, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING MOTIONS FOR AN EVIDENTIARY HEARING (ECF NO. 3), FOR THE APPOINTMENT OF COUNSEL (ECF NO. 4), FOR BOND (ECF NO. 10), AND TO EXPEDITE HABEAS PETITION (ECF NO. 11)** |
| **GARY MINIARD,** | |
| Respondent. | |

Petitioner Daniel Martin Pirkel has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions. Respondent has been ordered to file an answer to the petition by July 7, 2026. Before the Court are Petitioner's motions for an evidentiary hearing (ECF No. 3), for the appointment of counsel (ECF No. 4), for bond (ECF No. 10), and to expedite review of the habeas petition (ECF No. 11). For the reasons stated below, the motions are **DENIED**.

## I.   Motion for an Evidentiary Hearing (ECF No. 3)

Petitioner filed a motion for an evidentiary hearing. ECF No. 3. Rule 8 of the Rules Governing Section 2254 Proceedings provides, in pertinent part, as follows:

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

28 U.S.C. § 2254, Rule 8(a). A district court is *not required* to provide a § 2254 petitioner with an evidentiary hearing or a period of discovery." *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. Apr. 22, 1999)(Gadola, J.).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). Under the provisions of the Antiterrorism and Effective Death Penalty Act, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano,* 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition

"alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. Apr. 29, 1998).

The motion for an evidentiary hearing will be **DENIED** *without prejudice* because the Court has not yet received an answer or the state court record from Respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following receipt and careful review of these materials, the Court will determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

## II.    Motion for the Appointment of Counsel (ECF No. 4)

Petitioner has also filed a motion for the appointment of counsel. ECF No. 4. But there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Indeed, "[h]abeas corpus is an extraordinary remedy for unusual

cases" and the appointment of counsel is therefore required only "if, given the difficulty of the case and [petitioner]'s ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning" with the assistance of counsel. *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. Mar. 27, 2002) (citing *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)) (cleaned up). Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 788 (E.D. Mich. Apr. 9, 2004). Furthermore, appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. *Id.* at 787; 28 U.S.C. § 2254, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Petitioner filed a twenty-two-page petition for a writ of habeas corpus and brief in support, in which he raises seven claims for relief. Petitioner has also attached numerous additional exhibits to his petition. It therefore appears that Petitioner currently has the means and ability to present his claims to the court. Furthermore, until this Court reviews

4

the pleadings filed by Petitioner and Respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the motion for the appointment of counsel will be **DENIED** without prejudice. The Court will reconsider Petitioner's request for counsel, if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

### III.  Motion for Bond (ECF No. 10)

Petitioner filed a motion for bond. ECF No. 10. A district court may release a petitioner on bail if there is a "substantial claim of law" based on the facts and "the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Nash v. Eberlin*, 437 F.3d 519, 526 (6th Cir. 2006) (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)); *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) ("[M]erely to find that there is a substantial question is far from enough.") (citation omitted). The Sixth Circuit recognized that "[t]here will be few occasions" where a habeas petitioner meets this standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).[1]

---

[1] Generally, federal courts "may grant bail upon *granting* the writ." *Sizemore v. District Court,* 735 F.2d 204, 208 (6th Cir. 1984) (emphasis

In any event, where there is "no substantial claim that the petitioner is confined in violation of the constitution, [courts] need not reach the issue of whether some exceptional circumstances are present which deserve special treatment in the interests of justice." *Dotson*, 900 F.2d at 79. Here, Petitioner has failed to establish *at this time* that he would prevail on the merits of his claims, thus, he is not entitled to release on bond. *See, e.g.*, *Greenup v. Snyder,* 57 F. App'x 620, 622 (6th Cir. 2003) (affirming denial of bond where the district court determined that the habeas claim did not appear to be "substantial" and the petitioner has not demonstrated any "unusual circumstances"

---

in original) (reversing magistrate judge's decision granting motion for bail prior to adjudication of petition by an Article III court). "By implication," courts in this district have held that "a federal court should not grant bail under other circumstances." *See Bogan v. Christiansen*, 2024 U.S. Dist. LEXIS 214235, *29 (E.D. Mich. Nov. 22, 2024)(White, J.); *Horton v. Morrison*, 2024 U.S. Dist. LEXIS 96269, *3 (E.D. Mich. May 30, 2024)(Berg, J.). But other courts in this circuit have held that release of a habeas petitioner *before* adjudication of the petition may be available "only in exceptional circumstances." *See Bridges v. Barrett*, 2017 U.S. Dist. LEXIS 38342, *14 (W.D. Mich. Mar. 17, 2017); *see also Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015) ("[T]here seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims."); *Lee v. Horton*, 2021 U.S. Dist. LEXIS 15157, *6 (E.D. Mich. Jan. 27, 2021) (noting that "[u]npublished decisions from this Court suggest that 'exceptional circumstances' warranting release during review 'have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition.'").

6

warranting bond). Therefore, the Motion for Bond will be **DENIED** without prejudice.

### IV. Motion for Expedited Review (ECF No. 11)

Finally, Petitioner filed a motion to expedite the habeas case and his pending motions. ECF No. 11. To justify such a motion, Petitioner must show "good cause to expedite" a ruling on his petition for habeas relief, *see* 28 U.S.C. § 1657, even if doing so would be to the detriment of petitions filed prior to the filing of his petition. But Petitioner is unable to do so because Petitioner's request and attack on his sentence "differs little from the vast majority of habeas petitions" that are filed with the Court. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. Aug. 21, 2001). Petitioner has shown no undue delay, nor has he shown how delay would be highly prejudicial to him in this case. *See id.* Petitioner merely argues that his current conviction is unconstitutional and that "[t]he less time that remains on a prisoner's sentence, the stronger his interest in release pending further adjudication." ECF No. 11, PageID.117. Petitioner has shown nothing which would distinguish his habeas application from the petitions that preceded it and justify pushing his claims to the head of the line. *See Castillo,* 162 F. Supp. 2d at 576. And Petitioner has not demonstrated that his petition is so meritorious that expedited consideration is warranted. *See id.* For these reasons, the motion is denied.

## V.    CONCLUSION

For the abovementioned reasons, **IT IS HEREBY ORDERED** that the motions for an evidentiary hearing (ECF No. 3), for the appointment of counsel (ECF No. 4), for bond (ECF No. 10), and for an expedited review (ECF No. 11) are **DENIED**.

**SO ORDERED.**

Dated: May 29, 2026                    /s/Terrence G. Berg
                                       TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE